Pro-se
fee pd
ORIGINAL

BF



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 1 2 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

)  Craig Cunningham
)  Plaintiff, Pro-se
)
)    v.                                  CIVIL ACTION NO.
)
)  Credit Management L.P.
)  James Hawkins, Steve Brockett         3-09CV1497-G
)  Nelson Wilson, John/Jane Does 1-35
)  Defendants.                           # 33763

**Plaintiff's Original Complaint and Jury Demand**

1. The Plaintiff in this case is Craig Cunningham, a natural person and resident of Dallas County, with a mailing address of PO box 820022, Dallas, Tx 75231.

2. Upon information and belief, Defendant Credit Management, LP (Hereinafter "Defendant CMI") is a Delaware corporation and is operating from 4200 International Parkway, Carrolton, Tx 75007.

3. Upon information and belief, Defendant Nelson Wilson (Hereinafter "Defendant Nelson") is a Training Manager and Compliance Coordinator for Defendant CMI, responsible for the training and adherence to State and Federal laws at all times relevant to this complaint and is liable when his trainees fail to adhere to the law.

4. Defendant James Hawkins (Hereinafter "James") is the director of the call center and collections, and directed the conduct, policies, procedures, and actions taken by Defendant CMI at all times relevant to the complaint. Upon information and belief, Defendant's Hawkins address is the same as Defendant CMI Corp's listed above.

5. Defendant Steve Brockett (Hereinafter "Steve") is the Director of Operations, is responsible for both the Call Center and Client Services teams. Upon information

1

and belief, Defendant's Steve's address is the same as Defendant CMI Corp's listed above.

6. John/Jane Doe's are individual employees, representatives, or agents of Defendant CMI whose true identities are unknown at this time to the Plaintiff. John/Jane Does are individuals who placed calls or caused for calls to be placed to the Plaintiff in this case, supervised individuals making phone calls, and reported to any consumer reporting agency or attempted to collect a debt from the Plaintiff directly or indirectly in any way.

### Jurisdiction

7. Jurisdiction of this court arises under 47 U.S.C 217(c )(3) or the Telephone Consumer Protection Act, hereafter (TCPA), The Fair Debt Collection Practices Act (hereafter FDCPA) or 15 USC 1692, and pursuant to 28 U.S.C 1367 for pendent state law claims.

8. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

### FACTUAL ALLEGATIONS

9. Several times throughout the years 2008 and 2009, the Plaintiff received several calls on the Plaintiff's cell phone from agents or representatives of Defendant CMI which cause the Plaintiff to incur charges for the calls. Upon information and belief, each and every call used an automated telephone dialing system and an artificial or prerecorded voice. Upon information and belief, each and every call was a willful and knowing action by the Defendants. Each and every call constituted two separate violations of the Telephone Consumer Protection Act, 47 USC 227 (hereafter TCPA).

10. Additionally, each and every employee separately and independently violated the Fair Debt Collections Practices Act 15 USC 1692 (hereafter FDCPA) by first violating the TCPA which in turn violates 15 USC 1692(e) (5) and by making multiple false or misleading representations violating 15 USC 1692 (e) on each and every call, including but not limited to misrepresenting the amount of a debt alleged to be owed.

11. On these calls, the Defendants and their representatives attempted to collect a debt from the Plaintiff.

12. The Plaintiff disputed the alleged debt in writing and verbally on several occasions both within the first 30 days of initial contact with the Plaintiff and subsequently. At no time did the Defendants ever provide validation to the Plaintiff, instead they repeatedly continued to send collection letters and place calls regarding a disputed debt with the Plaintiff.

13. The individuals calling made several false or misleading representations likely to deceive an unsophisticated consumer, and the letters contained false or misleading representations as well. These verbal representations include threats of reporting the disputed account to a consumer reporting agency, which is an additional improper collection attempt despite having received a dispute from the Plaintiff and not having obtaining validation and forwarding it to the Plaintiff. These statements violated 15 USC 1692(e) and the Texas Finance Code 392.202.

14. These representatives started off by stating that they would report to the Plaintiff's consumer report the following Monday if the disputed payment wasn't received, but when pressed the representatives would give false, misleading, and contradictory answers as to when and if the account has been reported or would be reported to a consumer reporting agency as defined by the Fair Credit Reporting Act. It didn't matter which week or day that the Plaintiff spoke to the Defendants, either, multiple defendants stated that the account would be reported

the following Monday, but upon information and belief, the debt wasn't reported to any consumer reporting agency for several months. These statements violated 15 USC 1692(e) and the Texas Finance Code 392.202 and were stated in an attempt to create a false sense of urgency likely to deceive an unsophisticated person.

15. The Defendants placed calls on other occasions and left voicemails that contained false or misleading representations, for example, one call requested that the Plaintiff "call the offices of S. P. Brockett", but in reality it was Defendant CMI. When the Plaintiff asked to speak to S. P. Brockett, the representatives stated that the Plaintiff couldn't speak to him. This is a false or misleading representation likely to deceive an unsophisticated person. These statements violated 15 USC 1692(e) and the Texas Finance Code 392.202.

16. Other false or misleading representations include the Defendants falsely stating that they did not receive a letter from the Plaintiff, but in reality, the Plaintiff had sent two letters which were responded to by Defendant CMI at that time. These statements violated 15 USC 1692(e) and the Texas Finance Code 392.202.

17. One representative stated that the Plaintiff had to provide proof that he didn't owe the amount in question or pay it otherwise it would show up as a negative on the Plaintiff's credit report. This representative stated that an investigation was completed, but neither the investigation results, nor were validation sent to the Plaintiff. This is a false or misleading representation likely to deceive an unsophisticated consumer. These statements violated 15 USC 1692(e) and the Texas Finance Code 392.202.

18. Multiple representatives from the Defendant asserted that the Plaintiff could receive an itemized statement or bill from Defendant CMI, but that the Plaintiff would have to write in a letter to request one. Ironically, many of these statements were made after the Plaintiff had already written in on at least one occasion

requesting validation and disputing the debt. Despite these assertions, no itemized statement was ever received by the Plaintiff. Instead of an itemized statement or bill from the party that is allegedly owed money, the Defendants merely sent another bill requesting payment. These statements violated 15 USC 1692(e) and the Texas Finance Code 392.202.

19. One representative stated that Defendant CMI "leaves it up to you to follow up on your dispute.", and that if the consumer disputes, they will just start calling if the consumer doesn't call Defendant CMI, but that Defendant CMI will not send out validation or investigation results. This representative stated that the Plaintiff would receive an itemized statement if he wrote in a letter, which the Plaintiff did, but notwithstanding, the Plaintiff never received an itemized statement. This representative stated "we don't investigate, we are the collection agency" This is a direct violation of both the FDCPA and Texas Finance Code 392 and constitutes multiple false or misleading representations likely to deceive a consumer. These statements violated 15 USC 1692(e) and the Texas Finance Code 392.202.

20. Representatives for Defendant CMI stated that they received the Plaintiff's dispute initially on September 2nd, and on September 4th the dispute came back as false. Despite this quick turnaround time, Defendant CMI was unable to provide any sort of paperwork from Time Warner or even an itemized bill or itemized statements as multiple agents claimed they would provide. Agents and representatives for Defendant CMI couldn't even state what the alleged money was owed for and could not produce one shred of documentation from the party that the money was allegedly owed despite being asked for this multiple times in writing and over the phone. These statements violated 15 USC 1692(e) and the Texas Finance Code 392.202.

21. Some agents of Defendant CMI stated that the Time Warner investigated the Plaintiff's dispute, while others stated that Defendant CMI investigated the Plaintiff's dispute. Despite the Plaintiff disputing the account, the Plaintiff still received calls from Defendant CMI while the account was disputed and before

5

any validation or pseudo-validation was ever received and while a purported investigation was being conducted. These statements violated 15 USC 1692(e) and the Texas Finance Code 392.202.

22. At no time did the Defendants ever provide the Plaintiff with any documentation that originated from Time Warner, the party that money was allegedly owed, and Defendant CMI claimed to be collecting a debt for. All documentation originated from Defendant CMI and to the extent that it was represented to be validation and from Defendant CMI, it is a false or misleading representation in violation of 15 USC 1692(e) and the Texas Finance Code 392.202.

23. One representative falsely stated that they would report the account on the first of October 2008 if the account wasn't paid immediately despite any validation being sent in response to the Plaintiff's dispute. These statements violated 15 USC 1692(e) and the Texas Finance Code 392.202.

24. In 2009, negative information was reported to the Plaintiff's consumer reports by Defendant CMI, and the Plaintiff disputed the information being reported to the consumer reporting agencies pursuant to the FACTA amendment to the Fair Credit Reporting Act directly with CMI, but the representatives the Plaintiff spoke with refused to investigate the Plaintiff's dispute regarding the information on the Plaintiff's consumer report as required by and in violation of 15 USC 1681(s-2)(b) on two different occasions.

25. The Defendants failed to give proper notices of the negative credit reporting in violation of 15 USC 1681 (s-2) and willfully reported inaccurate and disputed information that was not verified and the defendant knew could not be verified in violation of 15 USC 1681 (s-2). These statements also violated 15 USC 1692(e) and the Texas Finance Code 392.202 and the Fair Credit Reporting Act 15 USC 1681 et seq.

26. One representative stated that the initials of the individuals that purportedly investigated the Plaintiff's dispute relating to the debt were B.J and A.G.

27. At no time relevant to the complaint did the Plaintiff express prior consent to being called with an auto dialer or artificial prerecorded voice, nor were the calls related to any emergency purpose.

28. Many of the Defendant's prerecorded messages failed to state the address of such business entity and misstated the true identity of the individual initiating the call, thus the Defendant's violated the 47 USC 227(d)(1)(A) and 47 USC 227 (d)(3)(A)(ii) and the FDCPA and Texas Finance Code 392 which prohibit false or misleading representations. Upon information and belief, this was a willful and knowing omission by the Defendants on each and every call. These statements violated 15 USC 1692(e) and the Texas Finance Code 392.202.

29. The defendants in this case did not establish and implement with due care reasonable practices and procedures to prevent telephone solicitations that violate 47 USC 227.

30. At no time did the Defendants abide by the requirements of the Texas Finance Code 392 or FDCPA which require a debt collector to cease collection efforts until an investigation is completed and results forwarded to the consumer or validation is provided respectively. These actions violate 15 USC 1692 (e) (5)

31. Defendant CMI did not cease collection efforts, did not provide validation or investigation results, and it has been stated and contradicted by multiple representatives if Defendant CMI conducted any investigation into the Plaintiff's dispute regarding the debt. The Plaintiff asserts that no competent, good faith investigation of the Plaintiff's dispute occurred. By continuing to collect without conducting an investigation and sending the investigation results to the Plaintiff,

Defendant CMI violated the Texas Finance code 392.202 and 392.304 and the FDCPA 15 USC 1692(e) and 15 USC 1692 (g).

32. The Defendants continued to call after the Plaintiff refused to pay and after other representatives stated and notated that they believed that the Plaintiff refused to pay in violation of 15 USC 1692(c) (c) and violated 15 USC 1692 (c) (a) as they knew and it was communicated that calls to the Plaintiff's cell phone were inconvenient.

33. Upon information and belief, the calls made to the Plaintiff were repeated, malicious, willful, and harassing in nature. In addition, they were calculated and designed to cause embarrassment, annoyance, and humiliation to the Plaintiff. For the foregoing reasons the calls violated 15 USC 1692(d) (5).

34. By placing a phone call to a cell phone using a prerecorded message, the Defendant's violated the Telephone Consumer protection Act, 47 USC 227(b)(1)(iii).

35. By placing a phone call to a cell phone using an automated telephone dialing system, the Defendant's violated the Telephone Consumer Protection Act, 47 USC 227(b)(1)(iii).

36. Pursuant to 47 USC 217, the officers, agents, and other persons acting on behalf of Defendant CMI are also liable for the actions, errors, and omissions of Defendant CMI.

37. Additionally, each and every violation of the TCPA is a violation of the FCRA 15 USC (e) (5)

38. Additionally, each and every violation of the Texas Finance Code 392 is a violation of the FDCPA 15 USC (e) (5)

39. Additionally, each and every violation of the Fair Credit Reporting Act is a violation of the FDCPA 15 USC (e) (5)

40. Additionally, each and every violation of the Texas Finance Code 392 is a violation of the Texas Deceptive Trade Practices Act, pursuant to the Texas Finance code 392.404.

41. Additionally, each and every violation Texas Deceptive Trade Practices Act, pursuant to the FDCPA 15 USC (e) (5).

42. The Defendants conduct in making calls that violate the TCPA and continuing to collect on a disputed debt violate the Texas Deceptive Trade Practices Act.

43. The conduct of the defendants in this affair violated multiple provisions of the Telephone Consumer Protection Act, FDCPA, FCRA, Texas Finance Code 392, and the Texas Deceptive Trade Practices Act including but not limited to: 47 U.S.C 227(b)(1)(A)(iii) 15 USC 1692(e), the Texas Finance code 392.202, 15 USC 1681(s-2), and the Texas Business and commerce code chapter 17(E).

## CAUSES OF ACTION:
## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C 227 Et Seq.

44. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

45. The foregoing acts, errors, and omissions of each and every Defendant constitutes numerous and multiple violations of the Telephone Consumer Protection Act, including, but not limited to each and every one of the above cited provisions of the Telephone Consumer Protection Act, 47 U.S.C 227et seq.

46. As a result of each and every one of the Defendants' willful or knowing violations of the Telephone Consumer Protection Act, Plaintiff Cunningham is entitled to statutory damages in the amount up to $1,500 pursuant to 47 U.S.C 227(b)(3)(B) and reasonable attorney's fees and costs from each and every Defendant herein.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 USC 1692 Et Seq.

47. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

48. The foregoing acts, errors, and omissions of each and every Defendant constitutes numerous and multiple violations of the Fair Debt Collection Practices Act, including, but not limited to each and every one of the above cited provisions of the Fair Debt Collection Practices Act, 15 USC 1692 et seq.

49. As a result of each and every one of the Defendants' willful or knowing violations of the Fair Debt Collection Practices Act, Plaintiff Cunningham is entitled to statutory damages in the amount up to $1,000 per defendant pursuant to 15 USC 1692(k), punitive damages, and reasonable attorney's fees and costs from each and every Defendant herein.

## COUNT III
## VIOLATIONS OF THE TEXAS FINANCE CODE
### Section 392 Et Seq.

50. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

10

51. The foregoing acts, errors, and omissions of each and every Defendant constitutes numerous and multiple violations of the Texas Finance Code 392, including, but not limited to each and every one of the above cited provisions of the Texas Finance code 392, et. seq.

52. As a result of each and every one of the Defendants' willful or knowing violations of the Texas Finance Code 392 Plaintiff Cunningham is entitled to statutory damages in the amount up to $2,500 per violation pursuant to the Texas Finance Code 392, punitive damages, and reasonable attorney's fees and costs from each and every Defendant herein.

## COUNT IV
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 USC 1681 et seq.

53. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

54. The foregoing acts, errors, and omissions of each and every Defendant constitutes numerous and multiple violations of the FCRA 15 USC 1681 (s-2) including, but not limited to each and every one of the above cited provisions of the FCRA 15 USC 1681, et. seq.

55. As a result of each and every one of the Defendants' willful or knowing violations of the FCRA 15 USC 1681 et seq., Plaintiff Cunningham is entitled to statutory damages in the amount up to $1,000 per violation pursuant to the FCRA 15 USC 1681(n) and reasonable attorney's fees and costs from each and every Defendant herein.

## COUNT IV
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT

11

### Chapter 17 of the Business and Commerce Code

56. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

57. The foregoing acts, errors, and omissions of each and every Defendant constitutes numerous and multiple violations of the Texas Business and Commerce Code chapter 17(E) including, but not limited to each and every one of the above cited provisions of the Texas Finance code 392, et. seq.

58. As a result of each and every one of the Defendants' willful or knowing violations of the Texas Deceptive Trade Practices Act, Plaintiff Cunningham is entitled to treble damages pursuant to the Texas Business and Commerce Code chapter 17(E) and reasonable attorney's fees and costs from each and every Defendant herein.

### PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants CMI, Defendant Hawkins, Defendant Brockett, and John/Jane Does 1-35 for the following:

B. Declaratory judgment that each and every defendant violated the TCPA, FDCPA, Texas Finance Code 392, Texas Business and Commerce code chapter 17, FCRA ; and

C. Statutory damages in amount of $6,000 for each and every phone call under the TCPA, pursuant to 47 USC 227(b)(3); and

D. Statutory damages in the amount of $1,000 per defendant pursuant to 15 USC 1692(k); and

E. Statutory damages in the amount of $1,000 per violation pursuant to 15 USC 1681; and

F. Treble damages pursuant to the Texas Deceptive Trade Practices Act, chapter 17(E) of the Texas business and commerce code; and

G. Statutory damages under the Texas Finance code 392.403(e) in the amount of $2500 per violation, per defendant; and

H. Punitive damages for all claims in the amount of $120,000.

I. Attorney's fees for bringing this action; and

J. Costs of bringing this action; and

K. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that the Plaintiffs hereby requests trial by jury in this action.

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

*[signature]*

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

Craig Cunningham

PO Box 820022

Dallas, Tx 75231

206-312-8648

August 7, 2008

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)        v.                                    CIVIL ACTION NO.
)
)   Credit Management L.P.
)   James Hawkins, Steve Brockett            3-09CV1497-G
)   Nelson Wilson, John/Jane Does 1-35
)   Defendants.

### Plaintiff's Certificate of Service

I hereby certify that a true copy of the foregoing was sent the Defendants in this case.

*Craig Cunningham*
Craig Cunningham
Plaintiff, Pro-se
PO box 600187
Dallas, Tx 75360
206-312-8648

Date 8-12-2009

%JS 44 (Rev. 12/07)   ORIGINAL   **CIVIL COVER SHEET**   3-09CV1497-G

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Craig Cunningham

**DEFENDANTS**
Credit Management L.P.

(b) County of Residence of First Listed Plaintiff: Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED AUG 12 2009 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
N/A Pro-Se

Attorneys (If Known)
None Current

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- 362 Personal Injury - Med. Malpractice
- 365 Personal Injury - Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt.Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 463 Habeas Corpus - Alien Detainee
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- [x] 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 15 USC 1692
Brief description of cause: Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 300,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE: 8-12-2009
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____