ORIGINAL

BF

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

)  Craig Cunningham
)  Plaintiff, Pro-se
)
)     v.                              CIVIL ACTION NO. 3-09-CV-1497-G
)
)  Credit Management L.P.
)  James Hawkins, Steve Brockett
)  Nelson Wilson, Thomas Stockton,
)  Rebecca Swope, Nevandone Vanhnarath,
)  Clarissa Murphy, Eileen Rodriguez, Alfredo Cruz,
)  Kendrya Kapp, Anna Garcia, Nancy Mena, Rebecca Greenlee,
)  Anthony Peck, Adrienne scott, Juan Lopez, Jimmy Saldona,
)  Tony Richard, Bobbin Joseph, Elsie Barnes, Melissa Mena,
)  Brandi Jones, Tarryance Blanchard, Susana Camacho, Cureese Payton,
)  Michael Leatherwood, Linda Malone
)  Travelers Casualty and Surety Company of America
)  Defendants.

**Plaintiff's motion for leave to amend local rule 7.1**

1. Opposing party has stated on two occasions that I am harassing them, wasting their time talking to them, and emailing them and essentially communicating with them in any way.

2. I have tried to contact them related to an issue with their initial disclosure two weeks, they told me not to call for at least 2 more weeks, and she couldn't talk to me because she was too busy to talk to me and that judges take priority over me.

3. Despite being too busy to speak to me on discovery issues and initial disclosures, they apparently had enough time to write up a frivolous motion to strike the Plaintiff's amended complaint and call the Plaintiff on Monday Nov 2nd, but couldn't be bothered to wait 24 hours for the Plaintiff to return their call and

1

instead filed their motion without even attempting to have a good faith conference with the Plaintiff.

4. The Defendant's counsel was also apparently too busy to read the court's scheduling order which gave leave to the Plaintiff to file an amended complaint. This also could have been resolved by a 30 second phone call before filing the frivolous motion, but the opposing counsel wasn't content to wait a reasonable time for me to call them back.

5. I have tried in good faith to work with the opposing counsel, but now she is claiming that every call or email is a waste of her time and is harassing, therefore the Plaintiff requests the court modify local rule 7.1(a) which requires that both parties confer before filing motions before the court.

6. I was just attempting to follow the court's local rules, which require a conference for motions, but after this past "conference" and the statements by the defendant's counsel that they are documenting every call and email in an attempt to bring a bad faith/harassment claim, I believe an amendment to the rules is in order.

7. The Defendant's are desperately trying to find some basis to file a counterclaim or retaliate against the Plaintiff for filing suit to gain some sort of leverage to force the Plaintiff to settle, and I believe this is part of their new strategy.

8. I'm not trying to harass them or bother them, and in fact I don't want to talk to them anymore, at all. I can't work with these people, and I don't think any such future conversations would be fruitful.

9. Plaintiff hereby submits that all motions by both sides be deemed opposed and for this case, the court remove the conference requirement of local rule 7.1(a). I don't

10. I hereby certify that I spoke to the Defendant's attorney concerning this motion on 11-13-09 and it is opposed

2

want to talk to the opposing counsel, and they apparently aren't going to follow the conference requirement anyway.

*Craig Cunningham*

Plaintiff, Pro-se

Mailing address:

Craig Cunningham

PO Box 820022

Dallas, Tx 75231

206-312-8648
November 10, 2009

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)       v.                                         CIVIL ACTION NO. 3-09-CV-1497-G
)
)   Credit Management L.P.
)   James Hawkins, Steve Brockett
)   Nelson Wilson, Thomas Stockton,
)   Rebecca Swope, Nevandone Vanhnarath,
)   Clarissa Murphy, Eileen Rodriguez, Alfredo Cruz,
)   Kendrya Kapp, Anna Garcia, Nancy Mena, Rebecca Greenlee,
)   Anthony Peck, Adrienne scott, Juan Lopez, Jimmy Saldona,
)   Tony Richard, Bobbin Joseph, Elsie Barnes, Melissa Mena,
)   Brandi Jones, Tarryance Blanchard, Susana Camacho, Cureese Payton,
)   Michael Leatherwood, Linda Malone
)   Travelers Casualty and Surety Company of America
)   Defendants.

### Plaintiff's Certificate of Service

I hereby certify that a true copy of the foregoing was sent the attorney of record for this case:

Robbie Malone, PLLC
NorthPark Central, suite 1850
8750 North Central Expressway
Dallas, Tx 75231
214-346-2625

Craig Cunningham
Plaintiff, Pro-se

Mailing address:
PO Box 820022
Dallas, Tx 75231
206-312-8648

Date 11-13-09

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)       v.                                 CIVIL ACTION NO. 3-09-CV-1497-G
)
)   Credit Management L.P.
)   James Hawkins, Steve Brockett
)   Nelson Wilson, Thomas Stockton,
)   Rebecca Swope, Nevandone Vanhnarath,
)   Clarissa Murphy, Eileen Rodriguez, Alfredo Cruz,
)    Kendrya Kapp, Anna Garcia, Nancy Mena, Rebecca Greenlee,
)   Anthony Peck, Adrienne scott, Juan Lopez, Jimmy Saldona,
)   Tony Richard, Bobbin Joseph, Elsie Barnes, Melissa Mena,
)    Brandi Jones, Tarryance Blanchard, Susana Camacho, Cureese Payton,
)    Michael Leatherwood, Linda Malone
)   Travelers Casualty and Surety Company of America
)   Defendants.

1. Now comes the Plaintiff's answer to the Defendant's counterclaim.

2. Defendant Credit Management, LP (hereafter Defendant CMI) has alleged in paragraph 91 of their first amended answer that the Plaintiff's claim is in bad faith and for the purposes of harassment, which would entitle the Defendant's to recover costs and attorney's fees pursuant to 15 USC 1692k(a)(3).

3. Furthermore, Defendant CMI has alleged in paragraph 92 of their first amended answer that the Plaintiff's claims are in bad faith and for the purposes of harassment, which entitles them to recover costs and attorney's fees pursuant to the Texas Finance code 392.403(c).

4. The Plaintiff hereby denies the allegations in paragraphs 91 and 92 of the Defendant's first Amended Answer.

5. Plaintiff further contends that the court lacks subject matter jurisdiction and supplemental jurisdiction to consider a counterclaim under the statutes in question.

6. Plaintiff contends that the defendant's lack standing to raise these counterclaims as the statute expressly states that "On a finding by a court", which would preclude the Defendants from raising the counterclaim independently from the

1

court. There has been no finding by any court that the Plaintiff's pleadings were in bad faith and for the purpose of harassment, thus the Defendant's counterclaims must fail.

7. The Plaintiff believes that the Defendant's counterclaim was filed in bad faith and for the purpose of harassing the Plaintiff in the form of a strategic lawsuit to against public participation (SLAPP).

8. Since the Plaintiff is filing this case pro-se, the Defendant's need not fear the imposition of attorney's fees from the court, thus the Defendants now are attempting to vexatious multiply the pleadings in this case in the hopes of silencing the Plaintiff.

9. The Plaintiff has also filed a motion to dismiss the Defendant's counterclaims with the court and files this answer subject to the court's decision on the Plaintiff's motion to dismiss.

## First Affirmative Defense

10. **Unclean hands**: First, Defendant CMI has violated the FDCPA, Texas Finance Code 392, Fair Credit Reporting Act, and the Telephone Consumer Protection Act by their illegal collection procedures and actions. The Defendant's should not be awarded attorney's fees given their illegal collection attempts.

11. Secondly Defendant CMI by filing a SLAPP counterclaim, the Defendant's have engaged in bad faith and harassing litigation against the Plaintiff, and thus their request for attorney's fee should be denied based on the unethical and vexatious actions by the Defendants.

## Second Affirmative Defense

12. **Failure to state a claim**: Pursuant to rule 12(b)(6), the Defendants have not stated a claim for which relief may be granted.

2

13. No court has ruled that the Plaintiff's claims are in bad faith or for the purpose of harassment, thus the
14. The Defendant's have not alleged that a court has found the Plaintiff's claims to be in bad faith or for the purpose of harassment, thus their counterclaim is defective.
15. The Defendant's have no alleged that they even enjoy prevailing party status in a lawsuit, which again is a pre-requisite to maintaining a claim for bad faith/harassing litigation on the part of the Plaintiff.
16. The facts as stated in the Defendant's answer fail to assert any action or conduct on the part of the Plaintiff other than a general allegation of bad faith or harassing litigation. The Defendant's fail to answer even the basic question of what is harassing about the Plaintiff's actions? Who was harmed by these actions and how? How were these individuals damaged?
17. The Defendant's claims are on the face defective and fail to state a claim for which relief may be granted.

### Third Affirmative Defense

18. **Lack of subject Matter jurisdiction**: Pursuant to rule 12(b)(1) the Defendant's counterclaim should be dismissed for lack of subject matter jurisdiction
19. The Defendant's are attempting to assert a claim which does not rise from the same occurrence and transaction as the Plaintiff's claim against the defendants. The claims in the Plaintiff's very brief and general allegations of bad faith and harassing litigation are not logically related to the Plaintiff's claims against the Defendants.
20. Accordingly, the Defendant's counterclaims are not compulsory or permissive in nature for which this court may exercise supplemental jurisdiction. Federal question jurisdiction is not conferred by 15 USC 1692k(a)(3), therefore the Defendant's would need an independent basis for federal jurisdiction which they do not have.

### Third Affirmative Defense

21. **Contributory Negligence:** The Defendant's are entirely responsible for any harm they claim to have experienced. The Defendant's called the Plaintiff on numerous occasions, wrote letters, and otherwise engaged the Plaintiff and are the proximate cause of this lawsuit. Had the Defendant's not improperly contacted the Plaintiff, the Plaintiff would have no basis to sue them at all.

22. In addition, the contacts and conduct by the Defendant's were illegal and violated the TCPA, FDCPA, Texas Finance Code 392, Fair Credit Reporting Act, and the Texas Deceptive Trade Practices Act, which form the basis for this lawsuit. Had the Defendant's not violated this host of laws, the Plaintiff would have no basis to sue at all.

### Prayer for Relief

23. Plaintiff Cunningham hereby requests and prays that the court:
24. Dismiss the Defendant's counterclaim with prejudice,
25. Declare the Defendant's counterclaim to be in bad faith and for the purpose of harassment, and
26. Award the Defendant costs and fees associated with defending against the Defendant's counterclaim for filing a pleading in bad faith and for the purposes of harassment.
27. Sanction the Defendant's for filing a counterclaim in bad faith and for the purpose of harassment.
28. Further relief that the court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

*Craig Cunningham*

4

Plaintiff, Pro-se

Mailing address:

Craig Cunningham

PO Box 820022

Dallas, Tx 75231

206-312-8648
November 10, 2009

5

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)       v.                                    CIVIL ACTION NO. 3-09-CV-1497-G
)
)   Credit Management L.P.
)   James Hawkins, Steve Brockett
)   Nelson Wilson, Thomas Stockton,
)   Rebecca Swope, Nevandone Vanhnarath,
)   Clarissa Murphy, Eileen Rodriguez, Alfredo Cruz,
)   Kendrya Kapp, Anna Garcia, Nancy Mena, Rebecca Greenlee,
)   Anthony Peck, Adrienne scott, Juan Lopez, Jimmy Saldona,
)   Tony Richard, Bobbin Joseph, Elsie Barnes, Melissa Mena,
)   Brandi Jones, Tarryance Blanchard, Susana Camacho, Cureese Payton,
)   Michael Leatherwood, Linda Malone
)   Travelers Casualty and Surety Company of America
)   Defendants.

**Plaintiff's Certificate of Service**

I hereby certify that a true copy of the foregoing was sent the attorney of record for this case:

Robbie Malone, PLLC
NorthPark Central, suite 1850
8750 North Central Expressway
Dallas, Tx 75231
214-346-2625

Craig Cunningham
Plaintiff, Pro-se

Mailing address:
PO Box 820022
Dallas, Tx 75231
206-312-8648

Date 11-13-09