UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)       v.                                CIVIL ACTION NO.  3-09-CV-1497-G
)
)   Credit Management L.P.
)   James Hawkins, Steve Brockett
)   Nelson Wilson, Thomas Stockton,
)   Rebecca Swope, Nevandone Vanhnarath,
)   Clarissa Murphy, Eileen Rodriguez, Alfredo Cruz,
)    Kendrya Kapp, Anna Garcia, Nancy Mena, Rebecca Greenlee,
)   Anthony Peck, Adrienne scott, Juan Lopez, Jimmy Saldona,
)   Tony Richard, Bobbin Joseph, Elsie Barnes, Melissa Mena,
)    Brandi Jones, Tarryance Blanchard, Susana Camacho, Cureese Payton,
)    Michael Leatherwood, Linda Malone
)   Travelers Casualty and Surety Company of America
)   Defendants.

**Plaintiff's Objections to Defendants Motion for Sanctions**

1. To the Honorable US District Magistrate:

2. Now comes the Plaintiff's objections and response to the Defendants motion for sanctions.

3. The Plaintiff is not seeking to harass the defendants by scheduling a deposition on a Sunday or by scheduling a deposition at all. That is simply when the Plaintiff is available and is specifically when the Defendants did not state that they were unavailable. There is no prohibition from scheduling a deposition on a weekend or even holiday. Had the original deposition from the Plaintiff been allowed to proceed, we wouldn't even have the issue regarding Mother's day. The simple fact of the matter is that the Defendants don't feel like working on the weekends, which is not a legitimate reason to object to a deposition.

1

4. The Plaintiff is merely seeking the identities of individuals named by the Defendants as likely to have relevant as well ascertaining the exact roles that they had in this case.

5. There are multiple individuals who have the same name and are listed as individuals likely to have discoverable information, such as Rebecca Swope and Rebecca Greenlee or Michael Leatherwood and Michael Synnott. I know for a fact that I spoke to at least one person named Rebecca and one person named Michael. It is impossible to determine which Michael or which Rebecca unless the Defendants simply come clean and state which one of their employees the Plaintiff had contact with and how.

6. Additionally, the Plaintiff spoke to multiple individuals who gave no name at all. It is not possible at this time to identify these individuals unless the individuals state if they talked to the Plaintiff or if Credit Management LP says so. This is not lost on the Defendants and they are attempting to capitalize on this lack of knowledge by withholding this information.

7. Finally, the Plaintiff has spoken to multiple individuals who used aliases in place of their actual names. This again was not admitted to by the Defendants until the Plaintiff confronted them about it and still there are individuals on the recorded calls who have not been identified, such as an individual named "nick" who was on a CD produced by the Defendants, yet the Defendants have refused to identify this individual.

8. The Defendants have refused to state this information in discovery to date.

9. The Defendants have refused in fact to answer ANY discovery questions posed to the individual defendant collectors, other than James Hawkins, Steve Brockett, and Nelson Wilson, which is precisely why the Plaintiff feels it is necessary to call a deposition. I repeat: The defendants have not answered a single question posed to any of the individual defendants that actually placed the phone calls in question and talked to the Plaintiff.

10. This is the Plaintiff's first deposition ever called in any lawsuit, as it is generally unnecessary given properly worded admissions, interrogatories, and requests for production. I can usually obtain the information needed from simple written questions, if and only if those questions are answered. Had the Defendants simply answered interrogatory #1 to Defendant CMI or responded to the discovery requests to the individual collectors, calling a deposition would not be necessary.

11. There is only one reason why the Defendants counsel has opted for this course of action: profit. It is quite simply good business to obstruct, delay, and hinder the Plaintiff's discovery requests about basic identification questions as opposed to simply stating "Michael leatherwood called you, Michael Synnott did not."

12. The Plaintiff has no incentive to increase the legal bill for the Defendants. If they wanted to settle, they had their opportunity. The Defendants assume that the Plaintiff at this point wants to settle or would allow the Defendants to settle this case. I did not sue the Defendants to coerce them into a settlement. It is my goal to present my case to a jury and take my chances that my recordings will convince them that the Defendants violated the law. All I need to do that is the identity and actions of the Defendants.

13. The Plaintiff has the Defendants on tape saying exactly what the Plaintiff alleged in his complaint. The Plaintiff has letters sent from Defendant CMI. Other than identifying exactly who said what, I don't really need anything more. There is only one person who benefits from an inflated legal bill and that is the Defendants counsel who has sought to make every aspect of this trial as contentious as possible for the sake of the almighty dollar. Nothing is more evident of this point than the fact that the Plaintiff offered his recordings in exchange for the names of the individuals that he spoke with and the Defendants counsel responded back on September 16, 2009 that such endeavors were "silly counterproductive stuff."

14. Exchanging informal discovery for the cost of a postage stamp certainly is silly and counterproductive if the refusing party is trying to run up a massive legal bill.

15. Today some 9 months later, the Plaintiff is still trying to get the same information that he sought back in September 2009, which could have been obtained at no cost to either party.

16. Certificate of Service: I hereby certify that a true copy of the foregoing was sent to the attorney of record.

### Conclusion

17. For the foregoing reasons, the Defendants motion should be denied.

/s/ Craig Cunningham
Plaintiff, Pro-se

Mailing address:
Craig Cunningham
PO Box 180491

4

Dallas, Tx 75218

206-312-8648

May 7, 2010