UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CRAIG CUNNINGHAM,<br>    PLAINTIFF, | §<br>§<br>§ | |
| v. | § | CASE NO. 3-09-CV-1497-G |
| | § | |
| CREDIT MANAGEMENT, LP, et al.,<br>    DEFENDANTS. | §<br>§<br>§ | |

## ORDER

The Court issues this order to resolve disputes between the parties as to the time and manner of a deposition of Credit Management, LP's company representative.

No later than five (5) days from the date of this Order, Defendant Credit Management ("CMI") shall file with this Court and serve on Plaintiff a notice designating its corporate representative who is competent to testify about debt collection, credit reporting, the agents and employees of CMI, and automated telephone calls. If no representative is able to competently testify on all of the above matters, CMI may designate more than one representative, but no more than are necessary to competently testify as to the above matters. If more than one representative is designated, CMI shall specify in its notice for which subjects each representative is competent to testify.

The notice shall also include three dates, during which CMI's representative will be available for deposition. If more than one representative is designated, all designated representatives must be available on the proposed dates. All designated representatives are to be available from 8:00 A.M until 6:00 P.M. (or 8:00 P.M. if more than one representative is designated) on the selected dates. The dates shall be no earlier than within eight (8) days of the notice being served, and no later than June 15, 2010. Of the proposed dates, no more than two (2) shall fall within a seven-day period.

Within five (5) days of the notice being served, Plaintiff must serve written notice of which of the selected dates on which the deposition will occur.  The deposition shall be before an "officer" as provided by Rule 28(a)(1)(A).  Further, the deposition shall take place before a certified court reporter to record the deposition by stenographic means.  The Plaintiff shall secure the services of the court reporter and identify the reporter in his notice of the date of deposition.  If Plaintiff indicates in the notice that he is unable to secure a court reporter for the designated date, Defendants shall secure a court reporter.  Regardless of how the reporter is secured, Plaintiff shall bear the recording costs, pursuant to Federal Rule of Civil procedure 30(b)(3).  The depositions will begin at a time of Plaintiff's choosing, but no earlier than 8:00 A.M.  Regardless of the time depositions begin, they will not extend beyond 6:00 P.M. (or 8:00 P.M. if more than one representative is designated) without the agreement of the parties.  The Court reminds Plaintiff that under Rule 30(d)(1), depositions are limited to 7 hours.   The deposition shall occur at a location agreed upon by the parties.  If more than one representative has been designated by Defendant, Plaintiff shall indicate the approximate times for each deposition.  These times shall not overlap by more than one hour.

Alternatively, should the Plaintiff elect, his notice may indicate that he intends to depose the designated representative(s) by written questions pursuant to Federal Rule of Civil Procedure 31.  If Plaintiff so elects, he must serve the deposition questions within ten (10) days of electing to proceed by written questions.  Because the discovery deadline is past, the Court finds it appropriate to shorten the deadlines for responsive questions provided in Rule 31(a)(5).  Where, under said rule, parties are allowed 14 days to act, the parties shall act within 10 days, and where 7 days are allowed, the parties shall act within 5 days.

The Court also finds that sanctions against Plaintiff are appropriate, and GRANTS

Defendants' motion for sanctions. Despite the Court's admonition that "a subpoena may not subject someone to 'undue burden or expense,'" Defendants have submitted credible evidence, and the Court finds, that Plaintiff requested the subpoena without conferring with the Defendants' counsel to determine an appropriate time or manner for the deposition. Plaintiff has thus not made any attempt to avoid imposing an "undue burden" on Defendants.[1] Furthermore, the Court finds that if Plaintiff had conferred with Defendant's counsel, he would have been made aware of his "misreading" of the Court's order and could have avoided filing frivolous motions with the Court.

Therefore, the Court orders that Defendants submit to the Court an account of expenses, including billable time, incurred responding to Plaintiff's "Deposition Notice and Request for Subpoena" (doc. 147), "Amended Deposition Notice and Request for Subpoena" (doc. 148), and "Second Amended Deposition Notice and Request for Subpoena" (doc. 152). At such time as the account is submitted to the Court, the Court will assess the amount of attorneys' fees Plaintiff will be required to pay Defendant.

**SO ORDERED,** May 10, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, Plaintiff has been defiant of considerations of undue burden in this case. *See* [Def. App. at 52] ("I understand that you don't feel like doing a deposition on the weekend. I also don't care . . . . I'm not asking for your consent or agreement."); [*id*. at 54] ("I can appreciate that [the day of deposition] is Mother's Day. I'll have some candy and a card for you.")