UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION NO. 3:09-CV-1497-G |
| v. | § | |
| | § | |
| CREDIT MANAGEMENT, | § | |
| L.P., ET AL. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## DEFENDANT CREDIT MANAGEMENT, LP'S OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON

TO:    Pro Se Plaintiff, Craig Cunningham, P.O. Box 820022, Dallas, Texas 75231

COMES NOW Defendant Credit Management, LP, (hereinafter "CMI"), and submits its Objections to Plaintiff's Deposition of Credit Management LP's Designated Representative Nelson Wilson as follows:

1.    Please state your full name and address where you reside.

**OBJECTIONS:**    Defendant objects to providing the residential address for Nelson Wilson. Mr. Wilson is being produced as a corporate representative.  He is represented by counsel.  Plaintiff does not need his residential address. Further the question is multifarious.

**RESPONSE:**    Nelson Wilson

2.    Please state by whom you are employed and the business address.

**OBJECTIONS:**    Defendant objects as multifarious.

---

1

**RESPONSE:**        Credit Management, LP
                     4200 International Pkwy
                     Carrollton, TX  75007

5.    Did Credit Management LP (hereafter Defendant CMI) fire Steve Brockett?  If so, state
      the date of termination and reason for firing.

**OBJECTIONS:**      Defendant further objects on the basis that this question does not seek
                     information relevant to Plaintiff's case and is not likely to lead to relevant,
                     admissible information. Furthermore, Plaintiff's question requests
                     confidential information protected by the privacy interests of the
                     mentioned individual. This question is improperly multifarious.

**RESPONSE:**        Steve Brockett was terminated on 8/7/2009 for reasons unrelated to the
                     lawsuit at hand.

6.    Did Defendant CMI fire Steve Brockett as a result of the Plaintiff's lawsuit?

**OBJECTIONS:**      Defendant further objects to Plaintiff's question because the phrase "as a
                     result of the Plaintiff's lawsuit" is vague and ambiguous. Defendant also
                     objects because the question does not seek information relevant to
                     Plaintiff's case and is not likely to lead to relevant, admissible
                     information. Furthermore, Plaintiff's question requests confidential
                     information protected by the privacy interests of the mentioned individual.
                     Finally, this question is duplicative of and seeks the same information as
                     Question No. 1.

**RESPONSE:**        No.

7.    Did Defendant CMI terminate any employees as a result of the Plaintiff's lawsuit?  If so,
      state the names of each employee terminated.

**OBJECTIONS:**      Defendant objects to Plaintiff's question because the phrase "as a result of
                     the Plaintiff's lawsuit" is vague and ambiguous. Defendant further objects
                     on the basis that this question does not seek information relevant to
                     Plaintiff's case and is not likely to lead to relevant, admissible
                     information. Furthermore, Plaintiff's question requests confidential
                     information protected by the privacy interests of the mentioned
                     individuals. This question is improperly multifarious.

**DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT
MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 2**
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM
DWQ'S(CMI) (2).DOCX

2

**RESPONSE:**     No.

8.    Did Defendant CMI discipline any employees as a result of the Plaintiff's lawsuit, if so state the names of each employee disciplined.

**OBJECTIONS:**    Defendant further objects to Plaintiff's question because the word "discipline" is vague and ambiguous. Defendant also objects because the phrase "as a result of the Plaintiff's lawsuit" is vague and ambiguous. This question does not seek information relevant to Plaintiff's case and is not likely to lead to relevant, admissible information. Finally, Plaintiff's question requests confidential information protected by the privacy interests of the mentioned individuals.

**RESPONSE:**     No.

9.    For the following individuals listed on your second amended initial disclosures, state if they spoke to Plaintiff, attempted to collect a debt from the Plaintiff, state why they are likely to have relevant knowledge about this case: Maria Nunez, Michael Leatherwood, Rebecca Swope, Rebecca Greenlee, Clarissa Murphy, Eileen Rodriguez, Alfredo Cruz, Anna Garcia, Alicia Garcia, Marivel Trevino, Nancy Mena, Anthony Peck, Nicolas Ycaza, Melody Waters, Sandra Contreras, Oscar Gomez, Osvaldo Torres, Kyle Haynes, Michael Synnott, Tony Richard, and Damion Hudlun.

**OBJECTIONS:**    Defendant further objects to Plaintiff's question because it is overly broad and unduly burdensome.  Further this question is multifarious and improperly calls for a narrative.

**RESPONSE:**     According to our records, the following employees spoke—or attempted to speak—with Plaintiff by phone:  Nicolas Ycaza, Elsie Barnes, Alicia Garcia, Rebecca Greenelee, Michael Leatherwood, Oscar Gomez, Rebecca Swope, Clarissa Murphy, Eileen Rodriguez, Alfredo Cruz, Jr., Michael Synnott, Tony Richard, and Anna Garcia.

According to our records, the following employees sent written correspondence to Plaintiff: Marivel Trevino and Melody Waters.

According to our records, the following employees attempted to speak with Plaintiff: Anthony Peck, Sandra Contreras, Osvaldo Torres, Kyle Haynes, and Damion Hudlun.

DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 3
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

3

10.     Did Defendant CMI place any automated calls to the Plaintiff?  If so, state the dates of all automated calls.

**OBJECTIONS:**     Defendant further objects because the phrase "automated calls" is vague and ambiguous. This question is improperly multifarious.

**RESPONSE:**     Defendant attempted to call Plaintiff on the following dates: 9/2/08, 9/8/08, 9/20/08, 9/29/08, 10/6/08, 10/21/08, 10/23/08, 10/24/08, 10/30/08, 11/3/08, 11/6/08, 11/10/08, 11/14/08, 11/18/08, 12/11/08, 12/13/08, 12/15/08, 12/19/08, 1/2/09, 1/10/09, 1/28/09, 2/17/09, 2/26/09, 3/2/09, 3/7/09, 3/13/09, 3/14/09, 3/25/09, 4/2/09,4/4/09.

11.     State the name of each employee of Defendant CMI that spoke to the Plaintiff since January 1, 2008.

**RESPONSE:**     In addition to those named in Question 9, the following spoke with Plaintiff: Nakia Wilson, Adrienne Scott, Angel Graciano, Bobbin Joseph, Angel Lopez, Tarryance Blanchard, Susana Camacho, Jimmy Saldana, Cureese Payton, Navandone Vanhnarath, and Kendrya Kapp.

12.     State the number of all calls from Defendant CMI to the Plaintiff that contained prerecorded messages.

**RESPONSE:**     15 contacts included pre-recorded messages.

13.     State the number of automated calls from Defendant CMI to the Plaintiff.

**OBJECTIONS:**     Defendant further objects because the phrase "automated calls" is vague and ambiguous.

**RESPONSE:**     We called Plaintiff 21 times.

14.     State the number of automated calls that connected to an employee of Defendant CMI from Defendant CMI to the Plaintiff.

**OBJECTIONS:**     Defendant further objects because the phrase "automated calls" is vague and ambiguous.

**DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 4**
**M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX**

4

**RESPONSE:**     6 calls connected between an employee of CMI and the Plaintiff's phone.


15.     State the total number of calls from the Plaintiff to Defendant CMI.

**OBJECTIONS:**     Defendant further objects to Plaintiff's question because calls for speculation. Defendant is only able to count the calls actually received.

**RESPONSE:**     18 calls are listed in our notes.


16.     State the total number of calls from Defendant CMI to the Plaintiff.

**OBJECTIONS:**     Defendant further objects to Plaintiff's question because the term calls is vague and ambiguous. There is a difference between call attempts and contacts.

**RESPONSE:**     21.


17.     Explain how you calculated the numbers in response to questions 8-12.

**OBJECTIONS:**     Defendant further objects to Plaintiff's question because this question is multifarious.

**RESPONSE:**     Question 8:  No calculation involved
Question 9:  No calculation involved, but reviewed call records and notes to determine employees involved.
Question 10:  Reviewed call records and notes to determine dates of calls.
Question 11:  Reviewed call records and notes to determine employees involved.
Question 12:  Reviewed call records and notes to determine number of prerecorded messages.


18.     Looking at CMI 001-30, how would you identify automated calls?

**OBJECTIONS:**     Defendant further objects because the phrase automated calls is vague and ambiguous.

**RESPONSE:**     All outbound calls are dialed through our dialer.

**DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 5**
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

5

19.     Looking at CMI 001-30, how would you identify calls with pre-recorded messages?

**OBJECTIONS:**     Defendant further objects because the phrase "pre-recorded messages" is vague and ambiguous.

**RESPONSE:**     On the account notes screen, any caption that says, "PRIM ANS MACHINE-DAVX L/M" would indicate a recorded message.  Any caption that says, "ID VAL/MM RCD BL MSG" would also be a recorded message.

20.     Looking at CMI 001-30, how would you identify calls from the Plaintiff?

**OBJECTIONS:**     Defendant further objects to Plaintiff's question because the term "calls" is vague and ambiguous. There is a difference between call attempts and contacts.

**RESPONSE:**     Any inbound call would be presumed to be from the Plaintiff.  Inbound calls can be identified by the codes in the 6th column from the left of the page (code begins with 1--) as well as by the agents' notes.

21.     Looking at CMI 001-30, how would you identify the names of the employees of Defendant CMI that called the Plaintiff?

**RESPONSE:**     The agent ID number in the 5th column from the left of the page would identify the agent who was signed into the computer at the time the call was placed or received.  The 2nd column from the left would have the initials of the agent who entered the notes.

22.     On CMI 015, on the dates 4/14/09, there is the notation of ID VAL/MM RCD BL MSG. What does this mean?

**OBJECTIONS:**     Defendant further objects to Plaintiff's question because this request is seeking information which is confidential and proprietary and/or contains trade secrets. Any answer provided is subject to the protective order.

**RESPONSE:**     "ID VAL/MM RCD BL MSG" means that a prerecorded message was left at the phone number we called and that the message included wording to let the Plaintiff know the specific purpose of our call, as well as our phone

**DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON** - Page 6
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

6

number to call us back.

23.     On CMI 15, on the date of 4/14/09, there is the notation of Mark Dialable what does this notation mean?  Why is this notation present?  Who put this notation on the account?

**OBJECTIONS:**     Defendant further objects because Plaintiff's notice is improper, fails to comply with the court order or the federal rules. The additional objections provided herein are not a waiver of Defendant's objections to the entire deposition. This question is improperly multifarious.

**RESPONSE:**     "Mark Dialable" was as a result of a program that looks for new phone numbers that have been entered on existing accounts and changes the status of the account to allow us to call the newly added number.  In this case, we got a revised phone number on 4/4/09.

24.     On CMI 15, there are the numbers 921 on dated 04/19/09 following the notation dlr what does this mean?

**RESPONSE:**     There are no notes for 4/19/09.

25.     On CMI 013, on 2/26/09, there is a notion of "Owner changed from 58" what does this mean?  What do the numbers 58 refer to?

**OBJECTIONS:**     This question is improperly multifarious.

**RESPONSE:**     The notation, "Owner changed from 58", means that the responsibility for this account changed from one agent to another.  The "58" would be the 2nd and 3rd digits of the agent's ID number.

26.     Explain why agents of Defendant CMI continued to call after the Plaintiff stated that calls to his cell phone were inconvenient on September 8, 2008 to Elise Barnes on the calls provided on CMI 089.

**OBJECTIONS:**     Defendant further objects to Plaintiff's question as vague and ambiguous, improperly states testimony and assumes facts not in evidence.

**RESPONSE:**     The agent on the call asked Plaintiff to send in a written request that we stop calling him.  Plaintiff took down our address, but never sent in a request.

DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 7
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

7

27.   Explain why agents of Defendant CMI continued to call after the Plaintiff stated that he did not consent to automated and pre-recorded calls on September 8, 2008 to Elise Barnes on the calls provided on CMI 089.

**OBJECTIONS:**   Defendant further objects to Plaintiff's question as vague and ambiguous, improperly states testimony and assumes facts not in evidence.

**RESPONSE:**   Plaintiff never specifically stated that he did not consent to automated or pre-recorded calls.

28.   State the basis of your counterclaim.

**OBJECTIONS:**   Defendant further objects to Plaintiff's question because it seeks information protected by the attorney work product privilege and documents which were prepared in anticipation of litigation.  Defendant also objects to this request to the extent it seeks information which is irrelevant and not likely to lead to the discovery of admissible evidence.

29.   State all actions by the Plaintiff which you allege to be in bad faith with regard to your counterclaim in this case.

**OBJECTIONS:**   Defendant further objects to Plaintiff's question because it seeks information protected by the attorney work product privilege and documents which were prepared in anticipation of litigation.

**RESPONSE:**

30.   State all actions by the Plaintiff which you allege to be harassing with regard to your counterclaim in this case.

**OBJECTIONS:**   Defendant further objects to Plaintiff's question because it seeks information protected by the attorney work product privilege and documents which were prepared in anticipation of litigation.

**RESPONSE:**

31.   State the employee Identification numbers for each employee of Defendant CMI listed on your initial disclosures.

DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 8
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

8

**OBJECTIONS:**   Defendant further objects to Plaintiff's question because seeks information which is irrelevant and not likely to lead to the discovery of admissible evidence. Additionally as written, Defendant objects to Plaintiff's question because it seeks information protected by the attorney work product privilege and documents which were prepared in anticipation of litigation. Defendant also objects to question as seeking information which is confidential and proprietary and/or contains trade secrets.

<u>RESPONSE:</u>

| | |
|---|---|
| A61 | Nicolas Ycaza |
| A88 | Bobbin Joseph |
| A90 | Elsie Barnes |
| A99 | Lidia Deleon |
| A49 | Alicia Garcia |
| A17 | Melissa Mena |
| A0I | Rebecca Greenlee |
| A94 | Nakia Wilson |
| A73 | Angel Graciano |
| A0W | Angel Lopez |
| A80 | Tarryance Blanchard |
| T04 | AR Specialist Marivel Trevino |
| R31 | AR Specialist Melody Waters |
| A04 | Jimmy Saldana |
| A35 | Sandra Contreras |
| A0Q | Cureese Payton |
| A81 | Maria Nunez |
| A11 | Michael Leatherwood |
| A72 | Oscar Gomez |
| A12 | Rebecca Swope |
| A34 | Anna Garcia |
| A58 | Navandone Vanhnarath |
| A0J | Clarissa Murphy |
| A07 | Osvaldo Torres |
| A0F | Eileen Rodriguez |
| A03 | Kyle Haynes |
| A0Z | Alfredo Cruz Jr. |
| A0E | Michael Synnot |
| A77 | Tony Richard |
| A64 | Damion Hudlun |
| A0Z | Alfredo Cruz Jr. |
| A94 | Anthony Peck |

32.   Why did you list Linda Malone as having relevant information in this case on your initial disclosures?

**DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON** - Page 9
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

9

**OBJECTIONS:**   Defendant further objects to Plaintiff's question because it seeks information protected by the attorney work product privilege and documents which were prepared in anticipation of litigation.  Defendant also objects to this request to the extent it seeks information which is irrelevant and not likely to lead to the discovery of admissible evidence.

**RESPONSE:**   We originally misidentified Linda Malone as one of the employees who had worked on this account.

33.   State all relevant information you believe Linda Malone has regarding this lawsuit.

**OBJECTIONS:**   Defendant further objects to Plaintiff's question because it seeks information protected by the attorney work product privilege and documents which were prepared in anticipation of litigation.  Defendant also objects to this request to the extent it seeks information which is irrelevant and not likely to lead to the discovery of admissible evidence.

**RESPONSE:**   Linda Malone would not have any relevant information regarding this lawsuit.

34.   Did Linda Malone call the Plaintiff?  If so, state the dates of all calls.

**OBJECTIONS:**   This question is improperly multifarious.

**RESPONSE:**   No.  I don't see that she did.

35.   Did Linda Malone answer a call from the Plaintiff?  If so, state the dates of all calls.

**OBJECTIONS:**   This question is improperly multifarious.

**RESPONSE:**   No.  I don't see that she did.

36.   Did Linda Malone mail any documents to the Plaintiff?

**RESPONSE:**   No.  I don't see that she did.

DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 10
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

10

37.     What relevant information does Linda Malone have regarding this case?

**OBJECTIONS:**     Defendant further objects as Plaintiff's question calls for speculation.

**RESPONSE:**     She has no relevant information that I know about.


38.     Did Rebecca Greenlee talk on the phone with the Plaintiff on behalf of Credit Management LP?  If so, state the dates of all conversations.

**OBJECTIONS:**     This question is improperly multifarious.

**RESPONSE:**     Rebecca Greenlee (A0I) did speak with the Plaintiff on 9/29/08, apparently on an inbound call from the Plaintiff.  Possibly also spoke with Plaintiff on 11/6/08.


39.     Did Rebecca Swope talk on the phone with the Plaintiff on behalf of Credit Management LP?  If so, state the dates of all conversations.

**OBJECTIONS:**     This question is improperly multifarious.

**RESPONSE:**     Rebecca Swope (A12) spoke with the Plaintiff on an inbound call to CMI on 1/2/09.


40.     Did Michael Leatherwood talk on the phone with the Plaintiff on behalf of Credit Management LP.  If so, state the dates of all conversations.

**OBJECTIONS:**     This question is improperly multifarious.

**RESPONSE:**     Michael Leatherwood (A11) spoke with the Plaintiff on 12/13/08 (inbound call).


41.     Did Michael Synnott talk on the phone with the Plaintiff on behalf of Credit Management LP?  If so, state te dates of all conversations.

**OBJECTIONS:**     This question is improperly multifarious.

**RESPONSE:**     Michael Synnott (A0E) attempted to speak with the Plaintiff on an outbound call on 2/26/09.

DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 11
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

11

42.     Did Rebecca Swope make any pre-recorded messages for Credit Management LP?

**RESPONSE:**          No.


43.     Did Rebecca Greenlee make any pre-recorded messages for Credit Management LP?

**RESPONSE:**          No.


44.     For all calls listed on your account notes identified as CMI 001-30, do the calls with notation of "DLR" indicate that the calls were initiated by an automated telephone dialing system?

**RESPONSE:**          The "dlr" designation on the account notes means that our dialer wrote that account note to our mainframe system.


45.     Did any agent of Defendant CMI request an itemized bill from Time Warner Cable in reference to Plaintiff?

**RESPONSE:**          Yes.


46.     State the dates of any requests for itemized bills from Time Warner Cable with regard to the Plaintiff.

**RESPONSE:**          Itemizations were requested from Time Warner Cable on 10/6/08 and around 11/6/08.


47.     State the outcome of any requests for itemized bills from Time Warner Cable with regard to the Plaintiff.

**RESPONSE:**          Itemizations from Time Warner were mailed by Credit Management, LP to the Plaintiff on 10/29/08 and again on 11/13/08.


48.     What is does the DLR notation mean on you account notes labeled CMI 001-30.

**RESPONSE:**          See response to Question 44.

**DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 12**
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

12

49.  Why were some phone calls not recorded by Defendant CMI that involved the Plaintiff?

**OBJECTIONS:**  Defendant further objects to Plaintiff's question because it assumes facts not in evidence. Any answer could be misleading.

**RESPONSE:**  I am not aware that any phone calls involving the Plaintiff were not recorded.


50.  On your account notes, page CMI 001, on the date of 8/14/09, there is a notation Lawsuit!!!  Forward everything to KD!! what does KD refer to?  State the name, address, and phone number of KD if this is an individual.  State the name, address, and phone number of the individual who put this notation on CMI 001.

**OBJECTIONS:**  This question is improperly multifarious.  Defendant objects as this request seeks to invade the attorney/client privilege and/or the attorney work product privilege. Defendant further objects to the extent that this request seeks investigative information prepared in anticipation of litigation.

**RESPONSE:**  Defendant will not answer this question by instruction of counsel.


51.  On pages CMI 002-15, there are dates followed by two letters under what appears to be a column titled "ID".  What do these two letters mean?  Are these initials?  If so, state the name, address, employee Identification numbers, and phone number for each individual represented by the respective initials for pages CMI 002-15.

**OBJECTIONS:**  Defendant further objects to Plaintiff's question because this requests is vague seeks , ambiguous and overly broad. This question is improperly multifarious.

**RESPONSE:**  I believe the column to which the Plaintiff refers is the one immediately to the right of the date column, although none of the columns are labeled. That column does contain the initials of the persons who typed notes onto the account screen. Defendant has previously answered remainder of requests in No. 31.


52.  On page CMI 002, there is CSGPNEW at the top of the page under the date of 9/01/08, what do these letters mean?

**DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON** - Page 13
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

13

**RESPONSE:**          CSGPNEW on 9/1/08 means this was a new account that we received from Time Warner through the CSG interface file.  This is a daily file that we receive from Time Warner's billing system CSG (Cable Services Group).

53.    On page CMI 002, under the date of 09/02/08, there is a notation that states Owner changed from HS what does HS mean?  What does it mean for the "Owner change from HS.

**OBJECTIONS:**          This question is improperly multifarious.

**RESPONSE:**          "Owner changed from HS" means that responsibility for the collection of the account changed from one entity to another.  So, 'ownership' of the account changed from "HS" (a house account) to a specific collector on that date.

54.    On page CMI 002, on the date 09/02/08, there is a notion of BJ followed by Dialer does this mean that the Plaintiff was called by an automated dialer of Defendant CMI?  Why is Dialer noted on the account for this date?  What does that mean?

**OBJECTIONS:**          This question is improperly multifarious.

**RESPONSE:**          The "BJ" notation followed by "Dialer" does not specifically mean that the Plaintiff was called by an automated dialer of CMI.  The dialer system added the "Dialer" system notation when the collector used the 134 button (representing no commitment to pay) in our dialer scripting even though a collector actually took the action to update the account with notes.

55.    On pages CMI 002-15, there is "Contact series 1T, RN, RN," followed by several dates in September 2008 as well as "Selected "Z5" followed by several dates.  What does contact series mean?  What does selected mean?  What is the significance of 1T, RN, RN, and Z5 notations?

**OBJECTIONS:**          This questions is improperly multifarious.

**RESPONSE:**          "Contact series" indicates the collection system letters that we sent to the Plaintiff.  "Selected" refers to the additional manually generated letters

**DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 14**
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

14

that were generated to the Plaintiff. "1T, RN, RN, and Z5" are the designations for specific letter texts. "1T" is the code for the initial demand letter that we mailed on 9/2/08. "RN" designates a letter stating that our client has reviewed the account and has determined that the balance showing on the account is correct and past due. "ZN" represents a letter that can be mailed out with a breakdown of service balance, equipment, and other fees on a cable account, if any.

56.     On page CMI 002, under the date of 09/03/08, there is the notation of "PRIM ANS Machine-DAVX L/M" what does this mean? Additionally, there is a notation of DLR following 21.39. What is the significance of 21.39? Does the DLR notation mean that the call was initiated by an automated telephone dialing system?

**OBJECTIONS:**     Defendant objects to Plaintiff's question because this requests seeks information which is confidential and proprietary and/or contains trade secrets. Any answer provided is subject to protective order. This question is also improperly multifarious.

**RESPONSE:**     "PRIM ANS MACHINE-DAVX L/M" would indicate a recorded message was left on the Plaintiff's answering machine. The "21.39" is the time at which that note was placed onto the account in our mainframe system during the overnight update process. The "dlr" notation means that the update note was written into our mainframe system by our dialer.

57.     For every individual listed on your second amended initial disclosures as likely to have relevant information in this case, state:
*     the employee ID numbers for each individual,
*     state all relevant information these individuals have, and
*     state if these individuals called the Plaintiff and
*     state if these individuals attempted to collect a debt from the Plaintiff.

**OBJECTIONS:**     Defendant further objects to Plaintiff's question because seeks information which is wholly irrelevant and therefore not likely to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Furthermore, Plaintiff's question requests confidential information protected by the privacy interests of the Defendant's employees. This questions is improperly multifarious.

**DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON** - Page 15
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

15

**RESPONSE:**

| ID | Name | **Called** Plaintiff Y/N | Attempted to collect? |
|---|---|---|---|
| A61 | Nicolas Ycaza | N | Y |
| A88 | Bobbin Joseph | N | Y |
| A90 | Elsie Barnes | N | Y |
| A99 | Lidia Deleon | Y | Plaintiff hung up |
| A49 | Alicia Garcia | Y | Y |
| A17 | Melissa Mena | Y | Y |
| A0I | Rebecca Greenlee | N | Y |
| A94 | Nakia Wilson | N | Y |
| A73 | Angel Graciano | N | Y |
| A0W | Angel Lopez | N | Y |
| A80 | Tarryance Blanchard | N | Y |
| T04 | AR Specialist Marivel Trevino | N | Y (by letter) |
| R31 | AR Specialist Melody Waters* | N | Y (by letter) |
| A04 | Jimmy Saldana | Y | Y |
| A35 | Sandra Contreras | N | Plaintiff hung up |
| A0Q | Cureese Payton | N | Y |
| A81 | Maria Nunez | Y | N (LM) |
| A11 | Michael Leatherwood | Y | Y |
| A72 | Oscar Gomez | Y | Y |
| A12 | Rebecca Swope | N | Y |
| A34 | Anna Garcia | Y | N (LM) |
| A58 | Navandone Vanhnarath | N | Y |
| A0J | Clarissa Murphy | N | Y |
| A07 | Osvaldo Torres | Y | Plaintiff hung up |
| A0F | Eileen Rodriguez | N | Y |
| A03 | Kyle Haynes | N | No notes |
| A0Z | Alfredo Cruz Jr. | N | Y |
| A0E | Michael Synnot | Y | Plaintiff hung up |
| A77 | Tony Richard | N | Y |
| A64 | Damion Hudlun | N | No notes |
| A0Z | Alfredo Cruz Jr. | N | Y |
| A94 | Anthony Peck | N | Y |

58.     For every phone involving the Plaintiff by any agent of Defendant CMI, state:

- the name, address, and phone number of each individual that spoke to the Plaintiff on the call,
- the time, date, duration, and number called,
- which party initiated the call
- if the call was answered by the Plaintiff
- if the call went to voicemail

DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT
MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 16
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM
DWQ'S(CMI) (2).DOCX

16

**OBJECTIONS:**     Defendant further objects to Plaintiff's question because seeks information which is wholly irrelevant and therefore not likely to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Furthermore, Plaintiff's question requests confidential information protected by the privacy interests of the Defendant's employees. This question is also nonsensical and improperly multifarious.

**RESPONSE:**       Defendant will not provide any home address and phone numbers. The remainder of the question has been asked and answered in the preceding questions.

59.    For any disputes by the Plaintiff regarding the alleged debt, state:
- The name, address, and phone number of any individuals that investigated the Plaintiff's dispute on behalf of Defendant CMI,
- All actions taken by said individuals,
- The result of the investigations,
- Any other entities or individuals contacted by the investigating party

**OBJECTIONS:**     Defendant further objects to Plaintiff's question because seeks information which is wholly irrelevant and therefore not likely to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Furthermore, Plaintiff's question requests confidential information protected by the privacy interests of the Defendant's employees. This question is improperly multifarious.

**RESPONSE:**       Individuals that investigated disputes by the Plaintiff regarding the alleged debt:

On 9/2/08, Bobbin Joseph (A88) put the account on hold and sent electronic notice to Time Warner asking them to confirm whether or not the service balance had been paid. On 9/4/08, a Time Warner with the initials "els" responded that the balance had not been paid and was still owed. The next day, an automated follow up letter was mailed to the Plaintiff notifying him that the outstanding balance was confirmed by the client.

On 9/23/08, Marivel Trevino (T04) received Plaintiff's written dispute about the amount being wrong. She put the account on hold and contacted Time Warner electronically, asking if the bill amount was wrong. On 9/24/08, a Time Warner with the initials "els" responded electronically that the amount was correct. The following day, on 9/25/08, an automated

DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 17
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

17

follow up letter was mailed to the Plaintiff advising him that the outstanding balance was correct as presented to us.

Then, on 10/6/08, Nakia Wilson (A94) put the account on hold and electronically requested an itemization from Time Warner.  On 10/7/08, a Time Warner employee with the initials "els" responded that they sent out an itemization on 10/7/08.  On 10/8/08, an automated follow up letter was mailed out to the Plaintiff advising him that the outstanding balance was correct and owed.  On 10/29/10, an itemization from Time Warner was mailed out to the Plaintiff by Marivel Trevino (T04).

On 11/11/08, Melody Waters (R31) noted the account that she was trying to get another copy of an itemization from Time Warner.  Then, on 11/13/08, Melody Waters mailed a Time Warner itemization to the Plaintiff.

On 11/19/08, Cureese Payton (A0Q) generated a CMI statement of the charges to Plaintiff.

On 1/17/09, Clarissa Murphy (A0J) put the account on hold and electronically asked Time Warner to confirm the account again.  Again, on 1/23/09, a Time Warner employee with the initials "els" responded that the balance was correct.  On 1/26/09, an automated follow up letter was mailed out to the Plaintiff stating that the client had confirmed that the balance is correct and still owed.

On 2/19/09, Alfredo Cruz, Jr. (A0Z) generated a CMI statement of the charges to Plaintiff.  It was mailed out to the Plaintiff on 2/20/09.

60.     For any agent of Defendant CMI that spoke to the Plaintiff in 2008 and 2009, state:
  - Any known Aliases
  - job titles,
  - employee identification numbers
  - the dates of all communication with the Plaintiff

**OBJECTIONS:**     Defendant further objects to Plaintiff's question because seeks information which is wholly irrelevant and therefore not likely to lead to the discovery of admissible evidence and exceeds the scope of permissible discovery. Furthermore, Plaintiff's question requests confidential information protected by the privacy interests of the Defendant's employees. This question is improperly multifarious and duplicate of previous question.

DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 18
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

18

**RESPONSE:**          Asked and answered in previous questions.


61.   State the dates of all communication between Defendant CMI and Time Warner Cable
      with regard to the Plaintiff.

**OBJECTIONS:**    Defendant further objects to Plaintiff's question because this request as
                   seeks information which is confidential and proprietary and/or contains
                   trade secrets. Defendant further objects to this request on the grounds it
                   seeks information protected by the attorney work product privilege and
                   documents which were prepared in anticipation of litigation.

**RESPONSE:**      On 9/2/08, Bobbin Joseph (A88) put the account on hold and sent
                   electronic notice to Time Warner asking them to confirm whether or not
                   the service balance had been paid. On 9/4/08, a Time Warner with the
                   initials "els" responded that the balance had not been paid and was still
                   owed.

                   On 9/23/08, Marivel Trevino (T04) received Plaintiff's written dispute
                   about the amount being wrong. She put the account on hold and contacted
                   Time Warner electronically, asking if the bill amount was wrong. On
                   9/24/08, a Time Warner with the initials "els" responded electronically
                   that the amount was correct.

                   On 10/6/08, Nakia Wilson (A94) [but initials were AS] put the account on
                   hold and electronically requested an itemization from Time Warner. On
                   10/7/08, a Time Warner employee with the initials "els" responded that
                   they sent out an itemization on 10/7/08.

                   On 11/11/08, Melody Waters (R31) noted the account that she was trying
                   to get another copy of an itemization from Time Warner.

                   On 1/17/09, Clarissa Murphy (A0J) put the account on hold and
                   electronically asked Time Warner to confirm the account again. Again, on
                   1/23/09, a Time Warner employee with the initials "els" responded that
                   the balance was correct.


62.   For any information reported to a consumer reporting agency as defined by the FCRA (15
      USC 1681), state:
                   •   The date any information was initially reported

DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT
MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 19
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM
DWQ'S(CMI) (2).DOCX

19

- The name, address, and phone number of the individual who reported any information relating to the Plaintiff
- What information was reported with regard to the Plaintiff
- Any subsequent information reported to a consumer reporting agency to include the date and information reported
- The outcome of any investigation
- The procedures for reporting a debt to a consumer reporting agency
- The procedures for investigating a consumer dispute regarding information reported to a consumer reporting agency.

**OBJECTIONS:** Any answer provided is subject to the protective order. This question is improperly multifarious.

**RESPONSE:** On 1/19/09, Credit Management, LP provided information to Experian, Equifax and TransUnion credit bureaus about Plaintiff's unpaid account. This is an automated process, so no specific employee sent the information to the bureaus.

CMI reported that an account for $79.00, owed by Craig Cunningham at PO Box 214, Berlin, PA 155300214, was placed for collection on 9/1/08 and was still unpaid and owed as of 1/19/09. The client's original date of first delinquency was 5/28/08.

No subsequent updates have been made.

No further investigations have been done since reporting because no written disputes have been received.

If an account remains unpaid, after being placed for collection, the amount of that account and the specific name, address, phone, and date of delinquency are sent to each of the three major credit bureaus (Experian, Equifax, TransUnion).

If we receive a dispute following the reporting of the account to the credit bureaus, we put the account on hold while we investigate the dispute. We conduct our investigation, including checking with our client and report any resulting changes of the balance to all three major credit bureaus (Experian, Equifax, TransUnion). If the dispute came through one of the credit bureaus, we send our response to the credit bureau. If it came directly from the consumer, we send our response to the consumer. If we determine that the account was placed in error, we withdraw the account from the bureaus and cease collections. If we determine that any of the

DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 20
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

20

information reported is incorrect, we either correct it or remove the
account from all three major credit bureaus. (Experian, Equifax,
TransUnion).


_Nelson K. Wilson_
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _Nelson K. Wilson_, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answer to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _14_ day of _July_, 2010.

CRYSTAL J HAMMOCK
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
DEC. 29, 2012

_Crystal J Hammock_
NOTARY PUBLIC

My Commission Expires: _12/29/12_

**DEFENDANT CREDIT MANAGEMENT, LP'S RESPONSE AND OBJECTION TO PLAINTIFF'S DEPOSITION OF CREDIT MANAGEMENT LP'S DESIGNATED REPRESENTATIVE NELSON WILSON - Page 21**
M:\9840000 CHUBB FILES\9840199 CUNNINGHAM V. THE CMI GROUP\DISCOVERY\RESPONSE TO CUNNINGHAM DWQ'S(CMI) (2).DOCX

21