UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

)   Craig Cunningham
)   Plaintiff, Pro-se
)
)        v.                                    CIVIL ACTION NO.  3-09-CV-1497-G
)
)   Credit Management L.P.
)   Et al
)   Defendants.

**Plaintiff's Response in Opposition to Defendants Motion to Compel**

1. To the Honorable US District Magistrate:
2. The Defendants in this case have filed a motion to compel documents in this case. For the foregoing reasons, that motion should be denied.
3. The Defendants have filed a motion to compel alleged documents relating to a book for which they have no proof even exists. The Defendants once again make wide ranging allegations and claims, but they have no actual proof or evidence to back these allegations up.
4. **Arguments and authorities**
5. **Defendants motion is untimely**
6. The Discovery period in this case has ended, and the Defendants are improperly trying to compel documents after the close of discovery, some 4 months after discovery officially closed per the court's scheduling order. The Defendants are blatantly trying to make an end run around the court's scheduling order in this case in defiance to the court's order and local rules.
7. The Defendants offer no evidence or even an argument alleging good cause for why their motion is being presented in such an untimely manner to the court.
8. The Defendants are also attempting to improperly impose a subpoena on the Plaintiff by requesting documents after the deposition in question has actually happened. This is again improper and untimely and a harassing abuse of the discovery process.

9. **Defendants**

   **mo**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES A. MITCHEM, individually and on behalf of a class of similarly situated persons,<br><br>        Plaintiff,<br><br>        v.<br><br>ILLINOIS COLLECTION SERVICE, INC.,<br><br>        Defendant. | No. 09 C 7274<br><br>Judge Ronald A. Guzmán |

### MEMORANDUM OPINION AND ORDER

Plaintiff James Mitchem, individually and on behalf of those similarly situated, has sued defendant Illinois Collection Service, Inc. ("ICS") for its alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").[1] Defendant has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(1) motion to dismiss the suit for lack of subject matter jurisdiction. Plaintiff has filed a Rule 23 motion for class certification. For the reasons set forth below, the Court denies the motions.

### Facts

Plaintiff put his cellular telephone number on a patient information form he filled out in connection with medical treatment he received from Dr. Lee. (Def.'s Mem. Law Supp. Mot. Dismiss, Ex. 2, Mitchem Dep. 13.) Plaintiff believed that the information he provided would be used to collect the bill through the mail, not by telephone. (Id. 15.) He did not understand that, if

---

[1] The TCPA claims is the only one remaining in the suit. (See Def.'s Resp. Mot. Class Cert. 3.)

**tion is overly broad**

10. The Defendants subpoena duces tecum requested articles and articles only that were written by the Plaintiff. An article is not a book any more than a chicken is a dog. If the Defendants wanted to seek the production of any books allegedly written by the Plaintiff, they should have done so in a timely and proper fashion in their subpoena duces tecum.

11. In this case, the Defendants are attempting to retroactively re-write their subpoena questions to include a book when they never contemplated or asked for the production of these documents. Requesting a purported book from the Plaintiff is overly broad and is not within the scope of the question asked, the discovery period, or even if within the discovery period, still not within the scope of permissible discovery.

12. The Plaintiff complied with the subpoena request as written, and the Defendants offered no timely objections to the documents produced by the Plaintiff. Now, some 8 months later, the Defendants are attempting a second bite at the apple, improperly and in violation of the local and federal rules of civil procedure.

13. **The Defendants failed to produce any evidence to support their motion**

14. The Defendants in this case have failed to create any nexus between this alleged book and the Plaintiff in this case. They have offered no evidence that the supposed Craig Cunningham writing this purported book is indeed the Plaintiff. They simply make a leap in logic and expect the court to follow.

15. **Conclusion**

16. For the foregoing reasons, the Defendants motion should be denied.

I hereby certify that a true copy of the foregoing was sent the attorney of record for this case:
Robbie Malone, PLLC
NorthPark Central, suite 1850
8750 North Central Expressway
Dallas, Tx 75231
214-346-2625

Craig Cunningham
Plaintiff, Pro-se

Mailing address:
PO box 180491
Dallas, Tx 75218
206-312-8648

August 9th, 2010