IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CRAIG CUNNINGHAM,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 3:09-cv-1497-G (BF) |
| § | |
| **CREDIT MANAGEMENT, L.P., et al.** § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Individual Defendants' Motion for Summary Judgment on Plaintiff's claims (doc. 69); Defendant Credit Management's ("CMI") Motion for Summary Judgment on Plaintiff's Claims (doc.113); Plaintiff's Motion for Summary Judgment (doc. 115); Plaintiff's Motion for Summary Judgment on Defendant's Counterclaims (doc. 80); and Defendants' Motion for Summary Judgment on their Counterclaims (doc.114).

Plaintiff raises various claims under the Fair Debt Collection Practices Act ("FDCPA"); the Telephone Consumer Protection Act of 1991 ("TCPA"), the Texas Deceptive Trade Practices Act ("DTPA"), and the Texas Debt Collection Act ("TDCA"). Defendants' cross-motion for summary judgment on these claims is essentially a no evidence motion for summary judgment, except as noted below. The Defendants raise a counterclaim for bad faith and harrassment.

As to Plaintiff's claims, the Court finds that there are no genuine issues of material fact and recommends that Defendants' Motions for Summary Judgment be **GRANTED** and Plaintiff's Motion for Summary Judgment should be **DENIED**.

**STANDARD OF REVIEW**

In evaluating a motion for summary judgment, the court must resolve all disputed facts and construe all reasonable inferences in favor of the nonmovant. *Hill v. Carroll County, Miss.*, 587 F.3d 230, 233 (5th Cir. 2009). Summary judgment must be granted if "there is no genuine issue as to any material fact and [the court finds] that the movant is entitled to judgment as a matter of law." *Id.* (quoting FED. R. CIV. P. 56(c)). "No genuine issue as to any material fact exists where a party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Id.* at 233-34.

Where a movant has shown a lack of evidence for the non-movant's case, it is the responsibility of the non-movant to provide specific evidence showing that there is a genuine issue for trial. *Forsyth v. Barr*, 19 F.3d 1527, 1536-37 (5th Cir. 1994). The nonmovant is "required to identify specific evidence in the record [] and to articulate the precise manner in which that evidence supported their claim." *Id.* at 1537 (internal quotations omitted). It is not the Court's duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Id.*

## ANALYSIS

**FDCPA Claims**

*False and Misleading Statements*

Plaintiff's foremost claim is that Defendants violated the FDCPA by making a false and misleading representation that the debt exists. *See* 15 U.S.C. § 1692e(2)(A). Plaintiff has provided no evidence to show that the debt either does not exist or is not in the amount Defendants claim.[1]

---

[1] Plaintiff's briefs twice state that Time Warner has disclaimed the debt. Plaintiff has provided no evidence of this. Both times Plaintiff cites to a CD included in the appendix. Despite its inclusion in the table of contents, no CD was filed with the Court in connection to Plaintiff's Response to Defendant's Counterclaim Motion (doc. 126). Similarly, none of the files on the CD Plaintiff included in the appendix attached to Plaintiff's motion for summary judgment are

The Court finds that Plaintiff has failed to show that no debt existed. Indeed, Plaintiff "admits that he may have missed the last payment for the Time Warner Bill." [Def. App., dkt. 113-3, at 8]. Consequently, Plaintiff has failed to show that these statements were false or misleading.

Plaintiff's reliance on *Maxwell v. Fairbanks Capitol Corp.*, 281 B.R. 101 (Bankr. D. Mass. 2002) to shift the burden is misplaced. There the collector had admitted that the debt was not owed. *Id*. at 119. Rather, the debt collector in that case tried to establish a bona fide error defense, an affirmative defense which places burden on Defendant. *Id*. Here, Plaintiff has the burden to produce evidence that the debt does not exist and has failed to do so. *See Jenkins v. Centurion Capital Corp.*, No. 07-C-3838, 2009 WL 3414248 at *5 (N.D. Ill. Oct. 20, 2009).

Because Plaintiff has failed to produce any evidence that Defendant made a false or misleading statement regarding the validity or amount of the debt, the Court recommends Plaintiff's claims be **DISMISSED**.

Plaintiff also presents several claims for threats "to take any action that cannot legally be taken or that is not intended to be taken." *See* 15 U.S.C. § 1692e(5). First, Plaintiff claims the violation of any law in connection with an attempt to collect a debt is a de facto violation of this provision. The Court need not decide the issue, because, as explained below, the Court finds that Plaintiff has failed to show that Defendants violated any laws in collecting the debt and recommends that Plaintiff's FDCPA claims that are dependent on TCPA or TDCA violations be **DISMISSED**.

Plaintiff also brings claims against CMI and various individual defendants for making false and misleading statements about Defendants' intent to report Plaintiff's debt to a consumer reporting

---

identifiable as the "call referencing Time Warner." *See* Pl. Br., dkt. 116 at 7 n.1. Furthermore, the existence of such a call would conflict with Plaintiff's deposition testimony, in which he denied calling Time Warner about the debt. [Def. App., dkt. 113 at 133.]

agency. In particular, Plaintiff argues that statements about the date that the debt will be reported proved to be false, and therefore were designed to give a false sense of urgency. The Court disagrees.

The Court, having reviewed the evidence, notes that the challenged statements were each given in response to direct inquiries from the Plaintiff about the intended date of reporting. As the Fifth Circuit has noted, "the purpose of the [FDCPA] was 'to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors.'" *Peter v. GC Servs., L.P.*, 310 F.3d 344, 351 (5th Cir. 2002) (quoting S. REP. NO. 95-382 (1977), at 1-2, reprinted in U.S.C.C.A.N. 1695, 1696). Given this purpose, the Court refuses to read the term "threat" so broadly that it encompasses an answer to a debtor's direct inquiry without some showing of bad faith by the debt collector. Such a broad reading would allow litigious debtors to manufacture FDCPA claims against ethical debt collectors. As such, the Court finds that these statements were not threats, nor were they designed to create a false sense of urgency, and recommends that these claims be **DISMISSED**.

As to all other claims that Defendants made false statements, the Court finds that Plaintiff has failed to produce any evidence that the challenged statements were false or misleading and recommends that the claims be **DISMISSED**.

*Failure to Cease*

Plaintiff also claims that Defendants violated the FDCPA by continuing collection efforts after Plaintiff disputed the debt and before Defendants verified the debt. 15 U.S.C. § 1692g(b). To the extent that Plaintiff relies on verbal disputes, the FDCPA requires disputes to be made in

writing, and verbal disputes will not suffice to maintain a claim under the FDCPA. *See id.* (consumer must notify debt collector in writing).

Nor does Plaintiff provide competent evidence that he disputed the debt in writing. He provides some evidence that a letter was mailed to CMI on September 8, 2008. CMI objects that the evidence does not show that CMI received the letter or that it was properly addressed to CMI. The Court need not rule on CMI's objection, because assuming arguendo that Plaintiff has established that he mailed a letter to CMI, he has provided no evidence of the contents that letter. Similarly, assuming that Plaintiff's November 4, 2008 letter to CMI, which is not signed or authenticated, is admissible, it is unavailing. By Plaintiff's own admission, the letter is not a dispute, but rather a "reject[ion] of Defendants [sic] purported validation." [Pl. Br., dkt. 116 at ¶ 30.] While the FDCPA does give debtors an opportunity to dispute the validity of a debt, it does not give a "debtor's veto" that allows debtors to cease all collection efforts by rejecting a debt collector's verification. *See*, *e.g.*, *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) ("verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed . . . . [t]here is not concomitant obligation to forward copies of bills or other detailed evidence of the debt"). Even if the Court were to construe this letter as a dispute of the amount of the debt, the letter was mailed well beyond the thirty-day period the FDCPA allows to dispute a debt. *See* § 1692g(b).

For these reasons, the Court finds that Plaintiff has failed to show that he disputed the debt in writing. Defendants did not have an obligation to cease collection efforts under the FDCPA and recommends that Plaintiff's claims for failure to cease be **DISMISSED**.

*Inconvenient Time or Place*

Plaintiff claims that Defendants violated the FDCPA by calling his cellular phone after he deemed such calls "inconvenient." 15 U.S.C. § 1692c(a)(1). The clear language of the statute limits such inconvenience restrictions to "time or place." *Id*. The Court finds that a cellular phone is not a time or place. This conclusion, which is consistent with the statute's plain language, is bolstered by the fact that the statute specifies that calls between 8 A.M. and 9 P.M., as well as calls to the consumers "place of employment" are to be presumed inconvenient. *Id*. at (a)(1), (3). The Court therefore recommends that these claims be **DISMISSED**.

**TDCA Claims**

*Failure to Cease*

Plaintiff claims that Defendants violated the TDCA when they continued collection efforts after he sent a dispute letter on September 8, 2008 and after his various verbal disputes. TEX. FIN. CODE § 392.202. Like the FDCPA, the TDCA requires that a dispute be made in writing. *See id*. ("An individual who disputes the accuracy of an item . . . may notify in writing the third-party debt collector of the inaccuracy."). As noted above, Plaintiff has failed to point to any evidence about the contents of the September letter. Therefore, Plaintiff's claims for failure to cease collection efforts under the TDCA fail for the same reasons they fail under the FDCPA. Defendants at no time had an obligation to cease collection efforts under the TDCA. The Court recommends that these claims be **DISMISSED**.

*False or Misleading Statements*

Plaintiff also brings claims that statements about the amount of debt owed violated the TDCA's prohibition against false and misleading statements. *See* TEX. FIN. CODE § 392.304. As

noted above, the Plaintiff has failed to produce any evidence that the debt was not valid and therefore failed to prove that these statements were false or misleading. The Court recommends that these claims be **DISMISSED**.

### Texas DTPA Claims

Plaintiff's DTPA claims are reliant on the validity of his TDCA claims. *See* TEX. FIN. CODE § 392.404; [Pl. Br. at ¶ 104.] The Court, having found that Plaintiff's TDCA claims lack merit, recommends that Plaintiff's DTPA claims also be dismissed.

### TCPA Claims

#### *Automated and Prerecorded Calls*

Plaintiff also claims that Defendants violated the TCPA when they called his cellular phone using an autodialer and left prerecorded messages on his cellular phone. *See* 42 U.S.C. § 227(b)(1)(iii). The Defendants move for summary judgment on the basis of consent. In the Fifth Circuit, whether consent is an element of a TCPA claim or an affirmative defense is an open question. *See Gene & Gene, L.L.C. v. Biopay, L.L.C.*, 541 F.3d 318, 327 (5th Cir. 2008). However, the Court need not decide that question here. The Court finds that Defendants have provided enough evidence for a prima facie showing of consent. Plaintiff has not shown competent evidence against a finding of consent, and therefore has not established a genuine issue of material fact as to consent.

The Federal Communications Commission regulation governing debtor consent for the TCPA states that:

> Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C.R. 559, 564 ( 2007). Calls "placed by a third party collector on behalf of [the] creditor are treated as if the creditor itself placed the call." *Id*. at 565.  The Court finds that Defendants have made a prima facie showing of consent.  Plaintiff had an internet services account with Time Warner. [Def. Br., dkt. 113 at 8.] Plaintiff did not have a residential line or landline phone. [*Id*. at 8-9.] Time Warner had Plaintiff's cellular phone number in connection with the account. [*Id*. at 9.] Furthermore, Plaintiff refused to disclaim that he provided the telephone number to Time Warner. [*Id*.] The Court finds that this evidence sufficiently establishes that Plaintiff provided his cellular number to Time Warner and, in doing so, consented to receiving automated and prerecorded calls in relation to any debt he may incur with them.  Plaintiff contends that even if he consented, he revoked his consent in a phone call on September 2, 2008. [Pl. Br. at ¶ 95.] During this call, Plaintiff states that calls to his cellular phone are inconvenient. [CD, dkt. 116, *CMI Call 8 elsie and william joseph.mp3* at 8:50- 9:15]. It is not at all unusual for people to consent to inconveniences. Therefore, Plaintiff's statement that phone calls are inconvenient is insufficient to revoke his prior express consent to these calls.

Furthermore, in a similar case decided this year, the Western District of New York held that in debt collection cases, revocation of consent under the TCPA must be made in writing. *Starkey v. Firstsource Advantage*, No. 07-cv-662A(Sr), 2010 WL 2541756 (W.D.N.Y. Mar. 11, 2010). This is consistent with the protections of the FDCPA, and the Court agrees that such revocations must be made in writing.  Because the Court finds that consent was given as a matter of law, Plaintiff's TCPA claims should be **DISMISSED**.

Additionally, the Plaintiff has presented no evidence that the dialer CMI used had the capacity to store and dial random or sequential numbers as required by the TCPA. *See* § 227(1)(A)

("automated telephone dialing system" has the capacity to store and dial numbers "using a random or sequential number generator"). Therefore, Plaintiff has failed to show that he received calls from an automated telephone dialing system, and his claims based on this portion of the statute should fail.

### *Technical Violations*

Plaintiff's claims under 47 U.S.C. § 227(d)(3) also fail because this provision does not give rise to a private cause of action. *See* 47 U.S.C. § 227(f)(1); *Boydston v. Asset Acceptance LLC*, 496 F.Supp.2d 1101, 1106 (N.D. Cal. 2007) ("the remedy for violations of the procedural and technical standards confers no private right of action"); *Klein v. Vision Lab Telecomms., Inc.*, 399 F.Supp.2d 528, 540 (S.D.N.Y.) (same).

## Bad Faith

Finally, the Court finds, independently of Defendants' counterclaims, that Plaintiff filed this suit in bad faith and for the purposes of harassment, and recommends awarding reasonable attorney's fees to Defendants. *See* 15 U.S.C. § 1692k(a)(3). Under § 1692k(a)(3), a defendant must affirmatively show the plaintiff acted in bad faith and for purposes of harassment. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211 (5th Cir. 1985).

Plaintiff offers himself as an "angry and litigious consumer" and an expert in debt collection. [Def. App., dkt. 113 at 72, 110]. Plaintiff also authors articles on how to sue debt collection companies for profit. [Def. Br., dkt. 114 at 4.]

Plaintiff, in bringing this suit, has provided no factual basis for his claims that Defendants misrepresented the debt owed. Furthermore, he did not make any attempts to contact Time Warner

to verify whether the debt was owed before suing Defendants for misrepresenting the amount owed. [*Id.* at 133.]

Similarly, as noted above, Plaintiff has presented no evidence that he disputed the amount of the debt in writing. Plaintiff has provided no legal authority for his claims that a verbal dispute is sufficient, and such an interpretation would be unreasonable in light of the clear language of the statute.

Most worrisome to the Court, Plaintiff took actions in bad faith in attempts to multiply his claims. Plaintiff repeatedly called Defendants in an attempt to multiply his claims under the FDCPA, asking questions in hope that he could construe the answer as a false misrepresentation. Plaintiff also brought suit against numerous individual defendants, against many of whom Plaintiff has only a cursory theory of recovery, and sometimes no theory of recovery. For example, Plaintiff names Nancy Mena, Susana Camacho, and Brandi Jones as defendants but has presented no claims against them. Similarly, Plaintiff has included Eileen Rodriguez and Anthony Peck as defendants, though he presents nothing more than an cursory claim that they "attempted to collect a debt from Plaintiff improperly." [Def. Reply, dkt. 172 at ¶ 8.]

Because the Court finds that the Plaintiff brought these claims in bad faith and for purposes of harassment, the Court recommends awarding reasonable attorney's fees to Defendants and denying Defendant's and Plaintiff's motions for summary judgment on the issue of bad faith (docs. 80, 114) as moot.

## **RECOMMENDATION**

The Court recommends granting Defendants' motions for summary judgment on Plaintiff's claims (docs. 69, 113), denying Plaintiff's motion for summary judgment (doc. 115), and denying

the motions for summary judgment on Defendants' counterclaim for bad faith as moot. The Court further recommends finding that Plaintiff has filed this action in bad faith and awarding reasonable attorney's fees to Defendants.

      **SO RECOMMENDED,** August 30, 2010.

                                    _____
                                    PAUL D. STICKNEY
                                    UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).