UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:09-CV-1497-G (BF) |
| CREDIT MANAGEMENT, L.P., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The court has under consideration the findings, conclusions, and recommendation of United States Magistrate Judge Paul D. Stickney. The plaintiff filed an objection on September 13, 2010. The defendants filed a response to the plaintiff's objection on September 22, 2010. The district court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which an objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. After due and proper consideration of all portions of this file deemed relevant to the issues raised, the court accepts the magistrate judge's findings, conclusions, and recommendation subject to the exceptions discussed below.

The court agrees with the magistrate judge's finding that the plaintiff failed to produce any evidence that the defendants made false or misleading statements regarding the validity or the amount of the debt at issue in this case. The plaintiff's objection to this finding based on his alleged telephone call with the original creditor, Time Warner Cable ("TWC"), on January 15, 2010 is unavailing. The plaintiff has submitted no evidence to suggest that TWC's procedure for handling an old account, or an account that is the subject of pending litigation, reveals anything about the existence, past or present, of a debt owed to TWC. Thus, the plaintiff's conversation with TWC in January 2010 is arguably inapposite to the alleged debt he owed TWC before the account was referred to the defendants for collection.

The court also agrees with the magistrate judge's conclusion that the defendants are entitled to summary judgment on the plaintiff's claim that they made false or misleading statements about their intent to report the plaintiff's debt to a consumer reporting agency. The court, however, resolves the issue without opining on whether a debt collector must act in bad faith for a threat to be actionable under 15 U.S.C. § 1692e(5). Here, the plaintiff has failed to produce evidence to support his allegation that the defendants did not intend to report his debt to a consumer reporting agency. Moreover, the defendants did in fact report the debt to a consumer reporting agency. While not conclusive on the issue, the fact that the defendants reported the debt to a consumer reporting agency is evidence of their intent to do so.

See *Pearce v. Rapid Check Collection, Inc.*, 738 F. Supp. 334, 338 (D. S.D. 1990). Because the plaintiff did not submit any evidence to support his allegation that the defendants did not intend to report the debt to a consumer agency, and the defendants did indeed report the debt, the court finds that the plaintiff has not satisfied his burden of showing that the defendants threatened "to take action . . . that is not intended to be taken." See *id.*; *see also* 15 U.S.C. 1692e(5). To be sure, the court concludes that the defendants were entitled to summary judgment on the plaintiff's 1692e(5) claim, but it does so without commenting on whether the statute requires a debt collector to act in bad faith for a hollow threat to be actionable.

The court finds no basis for awarding attorney's fees to the defendants  Under section 1692k(a)(3), the defendants must affirmatively show that the plaintiff acted in bad faith and for the purpose of harassment. *Perry v. Stewart Title Company*, 756 F.2d 1197, 1211 (5th Cir. 1985), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985); *see also* 15 U.S.C. § 1692k(a)(3). This requires more than a disagreement with the plaintiff's approach to the litigation. See *Perry*, 756 F.2d at 1211. Although there are few Fifth Circuit cases defining "bad faith" and "harassment" in this context, other circuits have cautioned that these terms connote more than "simply bad judgment or negligence." *Grant v. Barro*, No. 07-194-JJB-DLD, 2007 WL 3244986, at *1 (M.D. La. Nov. 1, 2007). Rather, the defendants must show the plaintiff's "conscious doing of a wrong because of a dishonest purpose or moral

obliquity." *Shah v. Collecto, Inc.*, No. Civ.A.2004-4059, 2005 WL 2216242, at *14 (D. Md. Sept. 12, 2005) (*quoting* Black's Law Dictionary 139 (6th ed. 1990)). A bad-faith lawsuit is one "where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass . . . rather than to obtain a favorable judgment." *Grant*, 2007 WL 3244986, at *1. This is not such a case.

The fact that the plaintiff holds himself out as an angry and litigious expert in debt collection says nothing about the merits of the plaintiff's claims in this particular case. A number of the plaintiff's claims fail only for a lack of *competent* evidence. More importantly, the defendants have not shown that the plaintiff's actions were motivated by a dishonest purpose or moral obliquity. See, *e.g.*, *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940-41 (9th Cir. 2007) (finding no evidence of bad faith or harassment except the defense attorney's assertion that the plaintiff's claims were frivolous). It was not unreasonable for the plaintiff to believe that he could make out a claim against the defendants under the consumer-protection statutes at issue in this case based on the defendants' various debt-collection efforts. Compare *Franco v. Maraldo*, No. CIV A 99-3265, 2000 WL 288378, at *6 (E.D. La. Mar. 16, 2000) (dismissing FDCPA claim but finding "nothing to suggest that plaintiff filed the suit with an improper motive") with *DeBusk v. Wachovia Bank*, No. CV 06-0324-PHX-NVW, 2006 WL 3735963, at *5-6 (D. Ariz. Nov. 17, 2006) (finding

the plaintiff's claims lacked any basis in law or fact), *aff'd*, 291 Fed. Appx. 55 (9th Cir. 2008). The defendants are debt collectors, and the plaintiff reasonably -- if incorrectly -- believed that they did not strictly abide by the law in their attempts to collect a debt that he may have owed. The court finds that the plaintiff's case was not "so lacking in arguable merit as to be groundless." See *Fox v. Vice*, 594 F.3d 423, 427 (5th Cir. 2010) (quoting *Stover v. Hattiesburg Public School District*, 549 F.3d 985, 997-98 (5th Cir. 2008)), *petn. for cert. filed*, 79 USLW 3063 (July 15, 2010). Accordingly, the plaintiff's motion for summary judgment on the issue of bad faith should be granted.

With the qualifications set forth above, the magistrate judge's findings, conclusions, and recommendation are accepted as the findings and conclusions of the court.

The defendants' motion for summary judgment on the plaintiff's claims is **GRANTED**, and the plaintiff's motion for summary judgment is **DENIED**. The plaintiff's motion for summary judgment on the issue of bad faith is **GRANTED**, and the defendants' motion for summary judgment on the issue of bad faith is **DENIED**.

**SO ORDERED**.

September 27, 2010.

*C. Joe Fish*
A. JOE FISH
**Senior United States District Judge**